IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, a non-profit organization,<br><br>          Plaintiff,<br><br>     v.<br><br>KATHLEEN MORSE, in her official capacity as Forest Supervisor for Lassen National Forest, RANDY MOORE, in his official capacity as Regional Forester for Region 5 of the United States Forest Service, and the UNITED STATES FOREST SERVICE,<br><br>          Defendants.<br>_____/ | Case No. 2:08-cv-01897-JAM-JFM<br><br>ORDER DENYING DEFENDANTS' MOTION TO AMEND THE JUDGMENT |

     This matter comes before the Court on Defendants Kathleen Morse, Randy Moore, and the United States Forest Service's (collectively "Defendants") motion to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. # 60.)  Plaintiff Earth Island Institute ("Plaintiff")

opposes the motion.  (Doc. # 61).  For the reasons set forth below[1], Defendants' motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual background underlying this case is more fully outlined in the Court's previous order granting in part and denying in part Plaintiff's motion for summary judgment and denying Defendants' motion for summary judgment; and order granting Plaintiff's request for injunctive relief.  (Doc. # 59.)  In the instant motion, Defendants request that the Court reconsider and revise its NEPA analysis and enter summary judgment for Defendants.

## II. OPINION

A. <u>Legal Standard</u>

Where the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based upon Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment) of the Federal Rules of Civil Procedure.  <u>See</u> <u>School Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993).  Defendants' relied on Rule 59(e). Because Defendants' motion was filed within ten days of the Court's order, the Court considers the instant motion under Rule

---

[1]     Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

59(e).  Fed. R. Civ. P. 59(e) (requiring that all motions submitted pursuant to this rule be filed within ten days of entry of judgment).  Absent "highly unusual circumstances," reconsideration of a final judgment or order is appropriate only where (1) the Court is presented with newly-discovered evidence, (2) the Court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law.  School Dist. No. 1J, Multnomah County, 5 F.3d at 1263.

B.   Denial of the Motion to Amend the Judgment

Defendants argue that the Court's holding is premised on clear errors of fact.  Defendants make this assertion based on the Declaration of William W. Oliver (Doc. # 60, Ex. 1, Oliver Decl.), submitted to this Court on August 13, 2009, after summary judgment was rendered.  In the declaration Oliver explains that, "SDI-Max and limiting-SDI are closely related concepts, particularly when it comes to managing ponderosa pine in California.  In California, the 'limiting SDI' of 365 referred to in my 1995 paper is effectively the maximum SDI, since bark beetles constrain the density of pines."  Defendants assert that for this reason alone, the Court should reconsider and revise its NEPA analysis and enter summary judgment for Defendants.

First, Defendants' argument is not germane to this Court's order.  This Court ruled on a violation of NEPA, namely that substituting one distinct scientific value, limiting-SDI, for another, SDI-max, while informing the public that the project is based upon reducing stand density to a percentage of SDI-Max (not limiting-SDI), compromises the scientific accuracy and integrity of the Environmental Assessment ("EA").  40 C.F.R. 1502.24; see also Doc. # 59 ("Order") at 6-8.  It is NEPA that precludes the Forest Service from misrepresenting Oliver (1995), which clearly presents findings on limiting SDI, to support its assertion that SDI-Max for ponderosa pine is 365 and that widespread tree mortality occurs at 60% of an SDI value of 365. As the Court noted in it order, NEPA exists to ensure a process, not to mandate a particular action.  Order at 2.  Here, the Forest Service violated that process because it did not accurately represent the basis for its decision.  The newly proffered Oliver Declaration does not change the Court's analysis on why the Forest Service failed to comply with NEPA.

Next, Defendants argue that even though they may have misrepresented the Oliver (1995) study by switchind limiting-SDI and SDI-Max, the Court should overlook this NEPA violation because Defendants believe the distinction between limiting-SDI and SDI-Max is a "distinction without a difference."  As already discussed at length in Plaintiff's Opening and Reply Briefs

4

(Doc. # 28, pp. 3-7 and Doc. # 36, pp. 5-7) and as noted in this Court's order, using the limiting-SDI value of 365 as SDI-Max, instead of the SDI-Max value of 571 makes a profound difference on the ground in terms of the intensity of the proposed logging. The chosen value for SDI-Max dictates the thinning prescriptions to be proposed and the way in which the project area is presented to the public.  As such, substituting the limiting-SDI value of 365 as clearly cited in Oliver (1995) for the SDI-Max value of 571 misleads the public and violates NEPA.  The Forest Service's failure to present to the public a clear and accurate value for SDI-Max corrupted the NEPA process and as such, the newly submitted Oliver Declaration does not change the Court's analysis.

   Further, Defendants offer the Oliver Declaration as "newly -available" evidence that would be admissible based on "excusable neglect" under Rule 60(b).  See Defs' Mot. at 4. Federal Rule of Civil Procedure 60(b)(2) allows for relief from judgment based on "newly discovered evidence" rather than "newly-available" evidence.  In a motion to amend a judgment based on newly discovered evidence, the movant must show that "(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier

would likely have changed the outcome of the case." <u>Far Out Productions, Inc. v. Oskar</u>, 247 F.3d 986, 992-993 (9th Cir. 2001).  A movant must meet all prongs of this test in order to prevail on a motion to amend the judgment.  Newly discovered or previously unavailable evidence under Rule 59(e) refers to "evidence of facts existing at time of trial, which by exercise of reasonable diligence was not discoverable prior to trial" and "of which aggrieved party was excusably ignorant." <u>Turner v. Burlington Northern Santa Fe R.R.</u>, 338 F.3d 1058, 1063 (9th Cir. 2003)(applying Rule 60(b) to Rule 59(e) motions to alter or amend judgments).

    Here, the evidence presented by Defendants was previously available.  Defendants admit that they had all the evidence available but simply chose not to submit the Declaration of Mr. Oliver because they "believed it would have been inappropriate to file the Oliver Declaration for the Court's consideration of the merits because this is a case subject to record review." Def Mot. at 4.  Presenting such evidence at this late date to the Court does not meet the test to support a motion to amend a judgment under Rules 59(e) or 60(b).  Defendants failed to exercise due diligence in regard to this information, and the evidence is not of such a magnitude that production of it earlier would have changed the outcome of this proceeding.

III. ORDER

For the reasons set forth above, Defendants' motion to amend the judgment is DENIED.

IT IS SO ORDERED.

Dated: November 20, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE